IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PAICE LLC, et al.,

    Plaintiffs,

v.                                           CIVIL NO.: WDQ-12-0499

HYUNDAI MOTOR COMPANY, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Paice LLC ("Paice") and The Abell Foundation, Inc. ("Abell") (collectively, the "Plaintiffs") sued Hyundai Motor Company, Hyundai Motor America (together, "Hyundai"), and others[1] (collectively, the "Defendants") for patent infringement. Pending is the Plaintiffs' motion for leave to file a second amended complaint. For the following reasons, the Plaintiffs' motion will be granted.

---

[1] The other defendants are Kia Motors Corporation and Kia Motors America, Inc. (together, "Kia"). See ECF No. 52, Ex. 1 (hereinafter "2d Am. Compl.").

I. Background[2]

A. The Parties

Paice is a Delaware limited liability company with a place of business in Bonita Springs, Florida. 2d Am. Compl. ¶ 1. Since Paice was established in 1992 by Doctor Alex J. Severinsky, the company has developed "innovative hybrid electric technology" to promote fuel efficiency, lower emissions, and "superior driving performance." *Id.* According to Paice, its hybrid patents are "well known" in the automotive industry. *Id.* ¶ 30.[3] Abell, a Maryland corporation, is a nonprofit charitable organization whose objectives include increasing energy efficiency and producing alternative energy. *Id.* ¶ 2. In 1998, Abell was introduced to Paice and has become an equity owner of the company. *Id.* Hyundai Motor Company and Kia Motors Corporation are Korean companies. *Id.* ¶¶ 3-4. Hyundai Motor America is a California subsidiary of Hyundai Motor Company, *id.* ¶ 5; Kia Motors America, Inc. is a California subsidiary of Kia Motors Corporation, *id.* ¶ 6. Hyundai and Kia are "related companies" and share information and technology. *Id.* ¶ 34.

---

[2] The facts are from the Plaintiffs' proposed second amended complaint.

[3] For instance, in 2010, IP firm Griffith Hack published a study in which it found that Paice owns four of the world's 10 most dominant hybrid vehicle patents. 2d Am. Compl. ¶ 30.

2

B. The Patents in Suit

Paice and Abell are co-owners by assignment of the entire right, title, and interest in and to U.S. Patent Nos. 6,209,672 (the "'672 patent");[4] 7,104,347 (the "'347 patent");[5] 7,237,634 (the "'634 patent");[6] 7,559,388 (the "'388 patent");[7] and 8,214,097 (the "'097 patent").[8] 2d Am. Compl. ¶¶ 11-16. The '347, '634, '388, and '097 patents issued from continuation-in-part applications relating to the '672 patent. Id. ¶ 16. The '672 patent is entitled "Hybrid Vehicle" and protects a "hybrid electric vehicle that is fully competitive with presently conventional vehicles as regards performance, operating convenience, and cost, while achieving substantially improved fuel economy and reduced pollutant emissions." '672 patent, Col. 1, ll.13-18.[9]

C. Procedural History

On February 16, 2012, the Plaintiffs filed suit against the Defendants for directly, indirectly, and willfully infringing

---

[4] The '672 patent issued on April 3, 2001. Am. Compl. ¶ 14.

[5] The '347 patent issued on September 12, 2006. Id. ¶ 12.

[6] The '634 patent issued on July 3, 2007. Id. ¶ 11.

[7] The '388 patent issued on July 14, 2009. Id. ¶ 13.

[8] The '097 patent issued on July 3, 2012. Id. ¶ 15.

[9] The '672 patent is attached to the first amended complaint at ECF No. 27-2.

the '634, '347, and '388 patents, in violation of 35 U.S.C. § 271. ECF No. 1. On March 20, 2012, the parties stipulated to, and the Court approved, an extension of time to respond to the complaint. ECF Nos. 5, 8. On May 22, 2012, the Defendants timely moved to dismiss. ECF No. 14. On June 8, 2012, the Plaintiffs opposed the motion and moved for leave to file an amended complaint. ECF No. 24. On June 13, 2012, the Court denied the Defendants' motion to dismiss as moot and deemed the proposed amended complaint filed as of June 13, 2012. ECF No. 26. Also on June 13, the Plaintiffs filed the first amended complaint. ECF No. 27.[10] On June 27, 2012, the Defendants moved to dismiss for failure to state a claim. ECF No. 29. On July

---

[10] The amended complaint alleged eight causes of action:
(1) Direct, indirect, and willful infringement of the '634 patent, against Hyundai (Count One)
(2) Direct, indirect, and willful infringement of the '634 patent, against Kia (Count Two)
(3) Direct, indirect, and willful infringement of the '347 patent, against Hyundai (Count Three);
(4) Direct, indirect, and willful infringement of the '347 patent, against Kia (Count Four);
(5) Direct, indirect, and willful infringement of the '388 patent, against Hyundai (Count Five);
(6) Direct, indirect, and willful infringement of the '388 patent, against Kia (Count Six);
(7) Direct, indirect, and willful infringement of the '672 patent, against Hyundai (Count Seven); and
(8) Direct, indirect, and willful infringement of the '672 patent, against Kia (Count Eight).

ECF No. 27 ¶¶ 36-90. The complaint sought judgments that Hyundai and Kia infringed the patents in suit; compensatory damages; pre- and post-judgment interest; attorney's fees; and a permanent injunction prohibiting further infringement (or, alternatively, determination of an ongoing royalty). Id. at 27-28.

16, 2012, the Plaintiffs opposed the motion. ECF No. 30. On July 30, 2012, the Defendants replied. ECF No. 31. On March 27, 2013, the Court denied the Defendants' motion to dismiss. ECF Nos. 32, 33.

On April 10, 2013, the Defendants answered the amended complaint and asserted counterclaims for declaratory judgment of the invalidity and non-infringement of the patents. ECF No. 34 at 15-19. On May 6, 2013, the Plaintiffs answered the Defendants' counterclaims. ECF No. 38. On May 20, 2013, the Court entered a scheduling order pursuant to Local Rule 103.9. ECF No. 49. The order provided that any motion to amend the pleadings must be filed within 60 days. *Id.* at 1 ¶ 8. On May 28, 2013, the Court modified the scheduling order to limit the number of proposed terms for construction to 15, and to limit the number of asserted claims to 30 within 15 days of the claim construction ruling. ECF No. 50.

On June 7, 2013, the Plaintiffs moved for leave to file a second amended complaint adding the '097 patent to the case. ECF No. 52.[11] On June 13, 2013, the Court entered a scheduling

---

[11] The second amended complaint alleges two additional causes of action:
  (1) Direct, indirect, and willful infringement of the '097 patent, against Hyundai (Count Nine)
  (2) Direct, indirect, and willful infringement of the '097 patent, against Kia (Count Ten).
2d Am. Compl. ¶¶ 93-104.

5

order superseding the May 20, 2013 order. ECF No. 53. The new scheduling order stated that any motion to amend the pleadings must be filed within 60 days of the order. *Id.* at 1 ¶ 8. On June 24, 2013, the Defendants opposed the motion for leave to amend. ECF No. 56. On July 5, 2013, the parties submitted a joint discovery plan. ECF No. 58. On July 12, 2013, the Plaintiffs replied. ECF No. 62.

II. Analysis

    A.   Legal Standard

Under Fed. R. Civ. P. 15(a)(2), a party may amend its complaint with its opponent's written consent or with leave of court. The Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citation and quotation marks omitted).

The Court may also deny leave to amend when the plaintiff has had substantial discovery or has filed several, previously amended complaints.[12] When there is evidence that the plaintiff

---

[12] *See Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006); *see also Nat'l Bank of Wash. v. Pearson*, 863 F.2d 322,

filed the motion in bad faith or with a "dilatory motive," or has repeatedly failed to "cure deficiencies by amendments previously allowed," denial is proper. *Glaser*, 464 F.3d at 480. Failure to explain a delay in moving to amend may create an inference of bad faith or intentional delay. *See Nat'l Bank of Wash.*, 863 F.2d at 327-28.

B. The Plaintiffs' Motion for Leave to Amend

The Plaintiffs seek leave to file a second amended complaint to add the '097 patent to the previously asserted patents in this case. *See* ECF No. 52 at 3; 2d Am. Compl. ¶¶ 93-104. The '097 patent issued on July 3, 2012; after the first amended complaint was filed on June 13, 2012. *See* 2d Am. Compl. ¶ 15; ECF No. 27. Like the existing patents in suit, the '097 patent issued from continuation-in-part applications relating to the '672 patent. *See* 2d Am. Compl. ¶ 16.

The Defendants argue that the Plaintiffs' motion is dilatory because they were aware of the '097 patent for a year before filing the motion to amend, and they did not mention their intent to add another patent during scheduling negotiations. ECF No. 56 at 6. The Plaintiffs contend that the

---

327-28 (4th Cir. 1988) (district court properly denied leave to amend when there was evidence of undue delay, bad faith, and prejudice because the movant waited four years after the claim was brought, until the conclusion of discovery, to move to amend its complaint to assert a new affirmative defense and provided no explanation for the delay).

motion is not dilatory because it is at the beginning of the discovery period and within the time for amending pleadings contemplated by the scheduling order. ECF No. 62 at 3.

Delay alone is not a sufficient basis to deny leave to amend, "delay must be accompanied by prejudice, bad faith, or futility." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The Plaintiffs filed the motion for leave to amend on June 6, 2013. ECF No. 52. The Plaintiffs' motion was within the 60-day period for amending pleadings set by the May 20, 2013 scheduling order in effect at the time. ECF No. 49 at 1 ¶ 8.[13] The Plaintiffs also included the '097 patent in their infringement contentions after filing their motion for leave to amend. ECF No. 62 at 7. Fact discovery does not conclude in this case until February 24, 2014. ECF No. 53 at 1 ¶ 9. The claim construction hearing is set for January 15, 2014. ECF No. 53 at 10 ¶ 14. Additionally, the '097 patent is similar to the currently asserted patents.[14] Given that similarity, adding the '097 patent to this case promotes judicial economy.

---

[13] The June 13, 2013 scheduling order superseded the May 20, 2013 order and also set a 60-day deadline for any amendment of pleadings. ECF No. 53 at 1-2.

[14] The '097 patent and the patents currently asserted issued from continuation-in-part applications relating to the '672 patent. 2d Am. Compl. ¶ 16. The '672 patent was invented by Alex J. Severinsky, and the '388, '347, '634, and '097 patents were invented by Severinksy and Theodore Louckes. *Id.* ¶¶ 11-15. The '097 patent also shares the same specifications and will present similar issues. *See* ECF No. 52 at 2; ECF No. 62 at 6.

8

Accordingly, a request for leave to amend the pleadings at this early stage of discovery is not dilatory conduct or bad faith, and it does not prejudice the Defendants.[15]

III. Conclusion

For the reasons stated above, the Plaintiffs' motion for leave to file a second amended complaint will be granted.

__12/17/13__  
Date

_/s/ [signature]_  
William D. Quarles, Jr.  
United States District Judge

---

[15] See Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (amendment not prejudicial when offered before discovery has occurred); ActiveVideo Networks, Inc. v. Verizon Commc'ns Inc., No. 2:10CV248, 2010 WL 6807478, at *2 (E.D. Va. Dec. 2, 2010) (allowing amendment to add patent claim when filed shortly after the commencement of discovery); Aten Int'l Co. Ltd. v. Emine Tech. Co. Ltd., at *4 (C.D. Ca. Apr. 12, 2010) (finding no prejudice when plaintiff sought to add new patent claims after scheduling conference).