```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

PAICE, LLC, et al.,              *

     Plaintiffs                  *

     v.                          *       CIVIL NO.  WDQ-12-0499

HYUNDAI MOTOR COMPANY, et al.,   *

     Defendants.                 *

  *    *    *    *    *    *    *    *    *    *    *    *
```

## Memorandum Opinion and Order

Presently pending before the Court is intervenor Toyota's motion for protective order (ECF No. 253) and Defendants' motion to extend fact discovery for a limited purpose (ECF No. 258). On June 10, 2014, Plaintiffs concurrently filed their opposition to Defendants' motion to extend fact discovery (ECF NO. 288) and their opposition to intervenor Toyota's motion for protective order (ECF No. 289). On June 16, 2014, Defendants' filed their reply thereto. (ECF No. 311). No timely reply was filed by intervenor Toyota. No hearing is necessary. Local Rule 105.6 (D. Md. 2011).

This Court granted non-party Toyota Motor Company and its affiliates' (collectively "Toyota") motion to intervene (ECF No. 111) in order to oppose Defendants' then pending motion to compel (ECF No. 108). (ECF No. 112). Defendants' motion to

compel sought certain Toyota litigation materials from Plaintiff Paice's prior collateral litigation with Toyota ("Paice-Toyota litigation"), such as expert reports (including technical, damages, and other reports), expert deposition transcripts, materials cited in those reports and transcripts, and settlement agreements, which Defendants had sought in their request for production of documents. (ECF No. 108). On April 4, 2014, the Court entered a stipulation and order (ECF No. 171), wherein Defendants withdrew their motion to compel and Toyota agreed to produce certain of the aforementioned litigation documents. (ECF No. 171). Toyota also agreed to "provide Defendants with a deposition by written questions to verify authenticity of the Toyota documents produced and to answer a reasonable number of questions about the content and related circumstances of the documents produced." (Id. at 3).

Pursuant to the stipulation, Toyota produced the agreed to document discovery to Defendants, completing their production on May 9, 2014. (ECF No. 311, 2). On May 23, 2014, Defendants and Toyota reached an agreement regarding the identities of Toyota's written deposition deponents. (ECF No. 253, 1; ECF No. 258, 1). Thereafter, on May 29, 2014 (the day before the May 30, fact discovery deadline in this case), Defendants served the notices of deposition by written question on Toyota. (ECF No. 253, Exs. A-C). In order to comply with the fact discovery deadline,

Defendants requested that Toyota respond on May 30, 2014. (Id.). Accordingly, Toyota and Defendants filed the instant motions, seeking leave from the Court to allow Toyota additional time to respond. For the reasons discussed herein, Defendants' motion to extend fact discovery for a limited purpose is GRANTED and intervenor Toyota's motion for protective order is GRANTED.

**I. Discussion**

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D. 372, 375 (D. Md. 1999). Rather, Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." In the context of Rule 16(b)(4), "good cause" means that a party cannot meet the deadlines in the scheduling order despite its diligent efforts. Id. (citing Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997)); also, e.g., Aloi v. Moroso Investment Partners, LLC, No. DKC-11-2591, 2013 WL 6909151, at *4 (D. Md. Dec. 13, 2013). While other factors warrant consideration, including danger of prejudice to the non-moving party, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith, diligence is the hallmark of the

Rule 16(b)(4) good cause standard.  <u>Aloi</u>, 2013 WL 6909151, at *4 (citing <u>Tawwaab v. Virginia Linen Service, Inc.</u>, 729 F. Supp.2d 757, 768-69 (D. Md. 2010)); <u>Reyazuddin v. Montgomery Cnty., Md.</u>, No. DKC-11-0951, 2012 WL 642838, at *3 (D. Md. Feb. 27, 2012).

On June 13, 2013, Judge Quarles entered the scheduling order in this case, which set, among other deadlines, the fact discovery deadline of February 24, 2014.  (ECF No. 53).  On February 14, 2013, at the parties' request, the undersigned extended the fact discovery deadline to May 30, 2014, but made no further modifications to Judge Quarles' June 13, Order.  (ECF No. 125).  In pertinent part, Judge Quarles' scheduling order also provides that "[a]ll discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests."  (ECF No. 53, 10). Similarly, Local Rule 104.2 provides that "written deposition questions must be made at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court. Unless otherwise ordered by the Court, no discovery deadline will be extended because written discovery requests remain unanswered at its expiration."  (D. Md. 2011).

Here, Defendants filed their notices of deposition by written question on May 29, one day prior to the fact discovery

4

deadline. Plaintiffs accordingly oppose Defendants' and Toyota's instant motions, asserting that Defendants' notices of deposition violate Judge Quarles' scheduling order and Local Rule 104.2, and further, that Defendants were not diligent in propounding their notices of deposition following the April 4, stipulation. (ECF NO. 288, 4-5). Defendants, on the other hand, contend that they did act diligently, explaining that Toyota's document production was not complete until May 9, and from May 9 to 23, Defendants and Toyota were in communications regarding which Toyota entities required depositions by written question. (ECF No. 311, 2-3).

Here, the Court agrees that it is questionable whether Defendants acted with sufficient diligence in propounding their discovery requests to Toyota. In fact, Defendants noticed their written depositions one day prior to the discovery deadline and fifty six (56) days after the stipulation with Toyota was entered by the Court. However, it is also clear to the Court that there is no danger of unfair prejudice to the non-moving party (Plaintiffs) and any delay caused will have negligible, if any, impact on the judicial proceedings. In their reply memorandum, Defendants point out that Plaintiffs asked Defendants to agree that Chrysler Group, LLC ("Chrysler") and Continental Automotive Systems, Inc. ("Continental") could respond to Plaintiffs' own subpoenas beyond the May 30, fact

5

discovery deadline. (ECF No. 311, 1-2). Defendants agreed, and in fact, Chrysler informed Defendants it planned to respond to the subpoena on June 23, 2014. (ECF No. 311, Ex. 1). Although it is not clear that Defendants have demonstrated good cause to amend the Court's scheduling order, in light of Plaintiffs' own tardy discovery requests (and Defendants' acquiescence thereto), the Court finds that the other factors relevant to a good cause determination weigh sufficiently in favor of Toyota and Defendants. Accordingly, Defendants' motion to extend discovery for a limited purpose (ECF No. 258) and Toyota's motion for protective order (ECF No. 253) will be GRANTED.

Finally, in order to minimize any prejudice suffered by Plaintiffs as a result of Defendants' delay in noticing the written deposition of Toyota, the Court grants Plaintiffs permission to cross-examine the Toyota entities by live deposition. The parties shall cooperate to assure that deposition shall occur no later than July 31, 2014.

## II. Conclusion

For the foregoing reasons, Defendants' motion to extend fact discovery for a limited purpose (ECF No. 258) is GRANTED and intervenor Toyota's motion for protective order (ECF No. 253) is GRANTED.

Date: 7/7/14 _____/s_____
Susan K. Gauvey
United States Magistrate Judge