IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAICE, LLC, et al.,                    *

    Plaintiffs                    *

    v.                            *          CIVIL NO.  WDQ-12-0499

HYUNDAI MOTOR COMPANY, et al.,   *

    Defendants.                   *

  *   *   *   *   *   *   *   *   *   *   *   *

<u>Memorandum Opinion and Order</u>

Presently pending before the Court is Defendants' motion for protective order (ECF No. 254). Briefing is complete. A hearing on this motion was held on June 24, 2014. For the reasons discussed herein, the motion is DENIED.

**I.  Background**

On April 16, 2014, Plaintiffs filed their motion for sanctions (ECF No. 181), which, <u>inter</u> <u>alia</u>, identified a multitude of outstanding responsive documents. Among those identified by the motion, were meeting minutes associated with Defendants' "Eco-Vehicle Committee." On April 30, 2014, Defendants produced the requested Eco-Vehicle Committee minutes for meetings taking place between 2010 and 2012. (ECF No. 254, Ex. 5). On May 20, 2014, the Court held a hearing on

1

Plaintiffs' motion for sanctions, wherein the Court ordered Defendants to further produce Eco-Vehicle Committee meeting minutes for 2013, by May 27, 2014. (ECF No. 233). Also on May 20, 2014, Plaintiffs notified Defendants of their intent to depose Defendants' Vice-Chairman, Mr. Eui-Sun Chung. Having reviewed the minutes produced to-date, ███████ ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████ ████████████████ █████████████████

██ ████ ██████ █ ████ ██████ ████ ██ ██████ ██

████████████████████████████████ (ECF No. 296, 5). Defendants object Plaintiffs' request to depose Vice-Chairman Chung, likening it to harassment, and accordingly, filed their present motion for protective order on May 30, 2014. (ECF No. 254).

## II. Motion for Protective Order

Defendants contend that a protective order prohibiting the deposition of Vice-Chairman Chung is appropriate for two reasons: (1) under the "apex doctrine," (i) Plaintiffs should not be permitted to depose a high-ranking executive whom Plaintiffs have not demonstrated possesses unique or special knowledge of the facts at issue and (ii) Plaintiffs have not exhausted less burdensome avenues to obtain the information they

2

seek; and (2) under Rule 26(b)(2)(C), the deposition is "unreasonably cumulative or duplicative," Plaintiffs had "ample opportunity to obtain this information," and the "burden or expense of the proposed discovery outweighs its likely benefit." (ECF No. 254, 11). Plaintiffs, on the other hand, contend that the apex deposition rule is inapplicable here and that it is Defendants that have failed to establish the extraordinary circumstances needed to justify a protective order. (ECF No. 296, 16-25).

## A. Apex Deposition Rule

This Court examined the "apex deposition rule" in Minter v. Wells Fargo Bank, N.A., noting that the Fourth Circuit has never discussed, much less adopted, such a rule. 258 F.R.D. 118, 125 (D. Md. 2009). Nevertheless, the Court considered the rule, finding that courts around the country have "establish[ed] that the apex deposition rule is bottomed on the apex executive lacking any knowledge of the relevant facts. The rule is aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head—the top official, not because of any special knowledge of, or involvement in, the matter in dispute." Id. (emphasis in original)(citing, e.g., Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); Thomas v. Int'l Bus. Mach., 48 F.3d 478, 483 (10th Cir. 1995)).

Here, as was the case in <u>Minter</u>, even if the Court were to expressly adopt the apex deposition rule, Vice-Chairman Chung does not warrant protection under the rule. ███████████

████ ███ ███ ███ ██████ ███████ ███

███████████████████████████████████

███ ██ ███ ██████ ██ ██ ███████ ████

███████████████████████████████████

███ ██ █ ███ ██ ██ █ ████ ███ ███ ██

█████████████████████ ████████████

███ ███ ███ █████ ████ ███ █████ ███

████ ███████ █ ██████ ████ ███████ █

███

███████████████████████

███ █ ██ █ ██ ██ █ ██ ██ ██ ███

███████████████████████

███ █ ██ ██ ████ ██████ ███ ████

███ ███ ██ ███ ████ ███ ██ ██ ██

███████

███████████████████████

███ ██ ██ ███ ████ ████ ████ ███

████ ██████ ██ ████████ ███████

██████████

███ ██ ██ ██ █ ██ ████ ██████ ███

███ ██ █████ ████████ ██████ ███

███████████████

(ECF No. 296, Ex. 1, 4, 13; Id., Ex. 2, 15). Clearly, Vice-Chairman Chung does not lack any personal knowledge relevant to the subject matter of the requested deposition. See Minter, 258 F.R.D. at 125. The Court accordingly rejects Defendants' argument that Vice Chairman Chung's deposition should be precluded pursuant to the apex deposition rule.

## B. Rule 26(b)(2)(C)

Next, the Court considers whether there is good cause to issue a protective order pursuant to Rule 26(b)(2)(C). Defendants have raised three bases for such an order: (1) the deposition of Vice-Chairman Chung is "unreasonably cumulative or duplicative;" (2) Plaintiffs had "ample opportunity to obtain this information," and (3) the "burden or expense of the proposed discovery outweighs its likely benefit." (ECF No. 254, 11). Rule 26 provides, in pertinent part:

> **(b)(2)(C)** On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed ... if it determines that: **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or **(iii)** the burden or expense of the proposed discovery outweighs its likely benefit ...

Rule 26 also provides that:

> **(c)(1)** A party or any person from whom discovery is sought may move for a protective order ... [t]he court

> may, for good cause, issue an order to protect a party
> or person from annoyance, embarrassment, oppression,
> or undue burden or expense ...

Accordingly, the Court has broad authority to limit discovery
and prescribe alternative discovery mechanisms. Minter v. Wells
Fargo Bank, N.A., 258 F.R.D. 118, 124 (D. Md. 2009) (citations
omitted). Under Rule 26(c), courts may grant a protective order
upon a demonstration of "good cause" by the moving party. Fed.
R. Civ. P. 26(c); Minter, 258 F.R.D. at 124. On this point,
"good cause" demands "some plainly adequate reason" for the
issuance of such an order. 8 Charles Alan Wright, Arthur R.
Miller, & Richard L. Marcus, Federal Practice & Procedure § 2035
(2d ed. 2009). Thus, the standard for issuance of a protective
order is high. Minter, 258 F.R.D. at 125. Movants necessarily
assume a heavy burden "because protective orders which totally
prohibit a deposition should be rarely granted absent
extraordinary circumstances." Id. (quoting Static Control
Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 434
(M.D.N.C. 2001)); Abbott v. Gordon, No. DKC-09-0372, 2010 WL
1427362, at *2 (D. Md. April 9, 2010) (citation omitted).

The Court first addresses Defendants' contention that
Plaintiffs had ample opportunity to obtain the requested
information. Defendants contend that Plaintiffs had the
opportunity to meaningfully question Mr. Sang-Baek Cho, Director
HMC's of Overseas Product Planning Group and member of

6

Defendants' Eco-Vehicle Committee, regarding the Committee and the meetings at issue, but utterly failed to do so. (ECF No. 254, 4-5). Plaintiffs respond that the witnesses already deposed by Plaintiffs are no substitute for Vice-Chairman Chung's personal knowledge on this subject matter and that because of the late production of the Committee meeting minutes, Plaintiffs have not had the opportunity to depose any witnesses, including Mr. Cho, regarding the Committee or meeting minutes. (ECF No. 296, 16-24).

Following Plaintiffs' motion for sanctions, Defendants produced numerous responsive documents, including the first round of Eco-Vehicle Committee minutes documents (2010-12), on April 30, 2014. (ECF NO. 254, Ex. 5). Mr. Sang-Baek Cho's deposition was scheduled to occur approximately one week later, on May 8. The parties dispute whether Mr. Cho was offered to testify regarding the Eco-Vehicle Committee and meeting minutes. However, based on the evidence before the Court (two email correspondences (ECF No. 315, Ex. 11; ECF No. 296, Ex. 17)), it appears that Plaintiffs were only aware that Cho was being offered in his personal capacity and served as Director of the Overseas Product Planning Group. Further confusing matters, the 2010-12 minutes documents were produced in Korean and the

7

Optical Character Recognition ("OCR") text[1] accompanying the minutes production was inadvertently scanned as English text rather than Korean characters (which rendered the documents unsearchable). (ECF No. 296, Ex. 14). As a consequence of this error, at least in part, Plaintiffs were unable to locate the minutes documents within Defendants' April 30, production and on May 16, 2014, contacted defense counsel inquiring whether the Eco-Vehicle Committee minutes had been produced, and, if so, requesting the bates range. (Id., Ex. 18). Thereafter, Plaintiffs located and translated the minutes documents and on May 27, following the hearing on their motion for sanctions, received the 2013 minutes documents as ordered by the Court.

Having reviewed the course of discovery pertaining to the Eco-Vehicle Committee meeting minutes, the Court could hardly blame Plaintiffs for failing to meaningfully depose Mr. Cho (or any prior witness) regarding Defendants' Eco-Vehicle Committee. Defendants' argument to the contrary is wholly unmeritorious, if not frivolous. At the time of Mr. Cho's deposition, Plaintiffs (through no fault of their own) had yet to locate and translate the 2010-12 minutes documents and the 2013 minutes documents were not yet produced. Moreover, Plaintiffs specifically asked Mr. Cho why he was offered by Defendants and Mr. Cho responded

---

[1] The parties agreed in their joint discovery plan to produce OCR text accompanying documents originally maintained in paper or other non-electric formats so that the text in those documents is electronically searchable. (ECF No. 66, 5).

8

that "the assistant manager, Sukil Yoon, did the same as I am doing now. And -- but he told the truth and -- however, it didn't seem that -- that he was being believed. So I offered to go and tell the truth in his stead." (ECF No. 296, Ex. 13, 39:12-18). Thus, it was reasonable for Plaintiffs to conclude that Mr. Cho was offered to supplement any perceived deficiencies in Mr. Yoon's testimony, which did not pertain to the Eco-Vehicle Committee. Accordingly, the Court does not find a basis, let alone "good cause," to prohibit the deposition of Vice-Chairman Chung based on the contention that Plaintiffs already had ample opportunity to obtain the information sought.

Lastly, the Court considers Defendants' final two bases for the issuance of a protective order, that (1) the deposition of Vice-Chairman Chung would be "unreasonably cumulative or duplicative;" and (2) that such a deposition would be unduly burdensome and/or the burden or expense outweighs the likely benefit, together. First, the Court acknowledges that Vice-Chairman Chung operates as "second-in-command" of a quite large multi-national corporation. Thus, burdening him unnecessarily would be a detriment to Defendants. The Court also acknowledges that many of the topics discussed during the Eco-Committee meetings at issue fall outside the scope of discovery or are of nominal relevance to Plaintiffs' damages case. The undersigned already determined that much of the "forward looking" / "long-

9

range" financial/planning discovery sought in Plaintiffs' motion for sanctions (ECF No. 181) exceeds the scope of the hypothetical negotiation framework, and therefore, is not reasonably calculated to lead to admissible evidence. (ECF No. 192). As such, certain directives of the Eco-Vehicle Committee, which are attributed in the minutes documents to Vice-Chairman Chung and/or other executives, exceed the scope of discovery (in whole or in part), for example:



(ECF NO. 296, Ex. 1, 15; <u>id.</u>, Ex. 2, 6, 18). However, the Court's aforementioned order responded to Plaintiffs' requests for financial/planning discovery related to <u>specific</u> unaccused technologies and/or vehicles ███ █ ██ █ ██ █

████████████████ In contrast, general background discussions concerning Defendants' current stance on hybrid vehicles, which are likely informed by the value and/or success of the currently accused vehicles, may enlighten the hypothetical negotiation framework, and thus, Plaintiffs' damages case. Accordingly, other Committee discussions certainly are relevant and probative of issues in this case, for example:





(ECF No. 296, Ex. 1, 4, 10, 13; <u>id.</u>, Ex. 2, 18).  While Defendants have presented numerous witnesses to testify to the profitability and value of the accused vehicles, ███ ████████

███████ ████ ████ ██████ ███████ ████ █ ████████

████████████████████████████████████████████████

████████████████████████████████████████  As such, the Court does not agree that a deposition covering the relevant content of the Eco-Vehicle Committee meetings and minutes documents is unreasonably cumulative or duplicative of the discovery already received by Plaintiffs.

Second, the Court is similarly disinclined to interfere with the litigation strategy of Plaintiffs, including their intent to depose Vice-Chairman Chung, absent some showing of undue burden.  Defendants have made several offers of alternative witnesses to Plaintiffs, including re-offering Sang-Baek Cho, Director of HMC Overseas Product Planning Group, offering Mr. Ki Sang Lee, Senior Vice President and Head of the Eco-Vehicle Technology Development Center, and during the June 24, hearing on the instant motion, offering Mr. J.W. Shin, Vice-Chairman in charge of product strategy (including hybrid vehicle strategy for Defendants, globally.)  (ECF No. 315, 7-8; ECF No. 338, 6:4-11).  ████ ████████ ████ █ ████████



███████ Moreover, notwithstanding Vice-Chairman Chung's high ranking position, Defendants have not raised any additional bases why deposing Vice-Chairman Chung would be unduly burdensome.  As such, the Court does not find good cause to disrupt Plaintiffs' litigation strategy and force Plaintiffs to depose another potentially less informed or differently informed witness.

This ruling is, of course, consistent with my earlier decision on granting Defendants the right to depose all the members of the Finance Committee of the Abell Foundation.  (ECF No. 176, 2).  ("[T]he [other] members of the Finance Committee . . . may have personal knowledge, in addition to, or different from, that of Mr. Embry [a member of Finance Committee], on relevant topics.")  The production of the minutes of the Finance Committee and the deposition of a member of the Finance Committee did not defeat Defendants' right to take depositions of other Finance Committee members.  The Defendants' production of Eco-Vehicle Committee minutes and offer of deposition of another member of the committee likewise does not defeat Plaintiff's right here.

13

However, because the Court agrees with Defendants' position that numerous subjects discussed by the Eco-Vehicle Committee fall outside the scope of discovery in this case, the Court shall limit the parameters and/or scope of Vice-Chairman Chung's deposition, as follows: (1) to minimize the burden on Defendants, the deposition shall take place in Korea (or, if the Plaintiffs prefer, via video or other secure electronic media); and (2) because ███ █ ███████ ███████ ███████ ████ ██████ █████ ███ ███████ ███████, and thus, may be covered at the deposition, the deposition shall be limited in duration to 3 hours (if conducted in English) or 6 hours (if Korean translation is required). It may be that the deposition will take considerably less time, but that it is dependent in part on both sides' good faith and reasonable discovery conduct. Similarly, the examination of Mr. Chung on appropriate topics could take longer than the allocated time, dependent on defense counsel's conduct. I expect that counsel will comport themselves in the finest tradition of the bar. See Local Rules, Appx. A, "Discovery Guidelines of the U.S. District Court for the District of Maryland," Guidelines 5-8 (D. Md. 2011). As with all other depositions ordered as part of recent discovery rulings, the deposition should take place no later than **July 25, 2014**.

14

## III.  Conclusion

For the foregoing reasons, Defendants' motion for a protective order (ECF No. 254) is DENIED, subject to the limitations on the deposition of Vice-Chairman Chung as set forth herein.


Date: <u>June 27, 2014</u>                          _____/s/_____
                                                    Susan K. Gauvey
                                                    United States Magistrate Judge

15