IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAICE LLC, et al.,                    *

            Plaintiffs            *

            vs.              *   CIVIL ACTION NO. MJG-12-499

HYUNDAI MOTOR COMPANY, et al.,   *

            Defendants        *

*      *      *      *      *      *      *      *      *

MEMORANDUM AND ORDER RE: SPOLIATION ISSUE

The Court has before it Plaintiffs' Objections to The

Magistrate's April 2, 2015 Order Pursuant to Rule 72 and Local

Rule 301(5)(A) [ECF No. 543] ("the Objections") and the

materials submitted by the parties relating thereto.


I.    BACKGROUND

In Plaintiffs' Motion for Sanctions for Defendants' Failure

to Produce Discovery [ECF No. 376], Plaintiffs included an

allegation that Defendants had failed to make required

production of "recent technical documents." Id. at 19.[1]  In her

Order of May 21, 2014 [ECF No. 233] at 4, Magistrate Judge

Gauvey required Defendants to produce certain testing data or

certify that it was not maintained.  In her Order of June 27,

_____

[1]    The original motion, ECF No. 181, was "stricken" by Judge
Gauvey's order, ECF No. 373, and replaced by a redacted version
of the motion, ECF No. 376.  The portion quoted was not
redacted.

2014 [ECF No. 341], Magistrate Judge Gauvey stated that

Defendants' representatives had "certified that the testing data

[referred to] is not stored or maintained by Defendants in the

ordinary course of business."  Id. at 42.

On September 30, 2014, Plaintiffs filed Plaintiffs' Motion

for Sanctions [ECF No. 459] seeking sanctions for, among other

things, Defendants' having deleted the underlying data from

certain testing.

In her January 22, 2015 Order [ECF No. 497], Magistrate

Judge Gallagher denied sanctions regarding the failure to

produce the testing data in question.

On February 6, 2015, Plaintiffs' Motion for Clarification

[ECF No. 507] was filed, seeking to have Magistrate Judge

Gallagher "clarify," i.e. reconsider and change, her Order of

January 22, 2015 and sanction Defendant Hyundai "for its

spoliation of evidence." Id. at 11.  Plaintiffs stated:

> Here, in light of Hyundai's willfulness and
> the prejudice to Plaintiffs, an adverse
> inference instruction is warranted.
> Alternatively, the jury should be instructed
> to consider and decide for themselves
> whether an adverse inference is warranted.
> At a minimum, the jury should be informed
> about Hyundai's spoliation. Plaintiffs
> request that the jury be informed that
> Hyundai destroyed testing data describing
> how the accused vehicles operate, and that
> the jury may infer that this information
> showed that the accused vehicles infringed
> the patents in suit.

2

Id. (footnote omitted).

In her April 2, 2015 Order [ECF No. 539], here at issue, Magistrate Judge Gallagher again denied Plaintiffs' request for sanctions.

She stated:

> A party seeking sanctions for spoliation must prove the following three elements:
>
> (1) [T]he party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it. Furthermore, "a finding of 'relevance' for purposes of spoliation sanctions is a two-pronged finding of relevance and prejudice. Spoliation of evidence causes prejudice when, as a result of the spoliation, the party claiming spoliation cannot present evidence essential to its underlying claim."

Id. at 2 (citing Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 509 (D. Md. 2009) (internal quotation marks omitted) and quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 532 (D. Md. 2010)).

The Magistrate Judge found that Plaintiffs had not proved that Defendants had a duty to preserve the data at issue because they had not shown that it was relevant. Id. at 3. She further stated: "Plaintiffs have not persuaded the Court that the

underlying testing data constitutes relevant evidence to the extent that a reasonable factfinder could conclude it would have supported their infringement claims." Id. at 4.  Thus, the Magistrate Judge denied Plaintiffs' request for sanctions.


II.  DISCUSSION

By the instant objections, Plaintiffs seek to have the Court "reconsider, modify or set aside" Magistrate Judge Gallagher's April 2, 2015 Order [ECF No. 539] ("the April 2 Order").  Objections at 18.  Plaintiffs also seek to have the Court permit them to introduce at trial the evidence of Defendants' alleged spoliation of evidence and then decide whether to give the jury an "adverse inference" instruction. Objections at 1.


A.  Rule 72(a) Review of the April 2 Order

The April 2 Order was issued with regard to referred discovery matters.  Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court "must consider timely objections and modify or set aside any part of the [nondispositive] order that is clearly erroneous or is contrary to law."  The Court does not find the April 2 Order clearly erroneous or contrary to law.

Magistrate Judge Gallagher based her decision on a correct standard for relevance, i.e., whether "a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it."  April 2 Order at 2.

Plaintiffs contend that the Magistrate Judge erred when stating, in regard to the standard for prejudice: "Spoliation of evidence causes prejudice when, as a result of the spoliation, the party claiming spoliation cannot present evidence essential to its underlying claim."  Id. (quoting from Judge Grimm's decision in Victor Stanley, 269 F.R.D. at 532).

If the foregoing statement is viewed as a prerequisite for a prejudice determination – rather than as an example of prejudice - the Court disagrees with it.

The Court, as stated at argument,[2] would not adopt, as a requirement for prejudice, that the evidence at issue was essential to the claims of a party claiming spoliation.  Rather, it would consider that the loss of evidence essential to a party's case is an example, but not the only possible example, of prejudice.  The Court would consider a loss of evidence to be prejudicial if the party claiming spoliation suffered any material prejudice.

---

[2]     Hr'g Tr. 136:23-138:6, July 10, 2015.

In any event, the Magistrate Judge's bottom line decision was not at all erroneous.  The Magistrate Judge found – as did Magistrate Judge Gauvey – that Plaintiffs had not made the requisite showing of relevance.  In the absence of relevance, there is no prejudice.

Accordingly, the Court shall not reconsider, modify or set aside the April 2 Order.


B.   Admissibility of Evidence

Plaintiffs seek to have the Court allow them to introduce at the jury trial, evidence regarding their claim of spoliation and, after the evidence is presented, determine whether an "adverse inference" instruction is warranted.[3]

Rule 104 of the Federal Rules of Evidence provides, in relevant part:

> (a) The court must decide any preliminary
> question about whether . . . evidence is
> admissible.

---

[3]   "Plaintiffs request that the Court leave the issue open until the evidence comes in at trial and the Court has a full record upon which to rule. At that point, Plaintiffs will request an inference that the test results would have been unfavorable to Defendants, or in the alternative a jury instruction that permits, but does not require, such an adverse inference."  Objections at 1.  "Plaintiffs respectfully suggest that the Court defer this issue until the evidence comes in at trial."  Objections at 18.

. . . .

> (c) The court must conduct any hearing on a
> preliminary question so that the jury cannot
> hear it if: . . . (3) justice so requires.

The Court, finding that justice so required, heard the
evidence regarding Plaintiffs' spoliation claims out of the
presence of the jury. The Court finds that Plaintiffs presented
no persuasive evidence – if it can be said that they presented
any evidence at all – to support a claim that the "raw data"
deleted by Hyundai could reasonably be considered relevant to
the issues presented in the instant case.

There could, of course, be cases in which raw data of the
type deleted would be relevant.  For example, in the context of
a product defect claim.  And, presumably, there could be patent
litigation in which it would be relevant.  But, this is not such
a case.

The Court stated to counsel at the commencement of the
argument: "I want you to be sure in your arguments to include
everything that you want to be considered . . . .  So don't
leave anything out."  Hr'g Tr. 90:25-91:4, July 10, 2015.
Plaintiffs' argument, however, presented little – if anything –
more than conclusory references to a contention of relevance.
The emphasis, indeed essentially the entirety, of Plaintiffs'
argument, was based upon the contention that Hyundai wrongfully

deleted the raw data and should be punished for so doing,

regardless of the absence of a showing of relevance.

> THE COURT:  Look, I know we're being
> academic, but what do I tell the jury?
> Ladies and gentlemen, look it's got nothing
> to do with the case, because the evidence
> isn't important, but they did bad things in
> discovery.  Is that where -- I know that's
> not this case, but that seems to be your
> argument.
>
> MR. GOETZ:  Well, that -- okay.  I'm sorry,
> Your Honor, maybe I misunderstood you.  So
> that's not this case.
>
> . . . .
>
> MR. GOETZ:
>
> And we think that there has been spoliation
> of evidence in this case.  And we think that
> a sanction is appropriate.  We do think that
> a sanction -- appropriate sanction would be
> to put this issue in front of the jury.  And
> we can make our arguments about whether it's
> relevance, and whether an adverse inference
> is appropriate.  And we can let the jury
> decide.  And we do think that's appropriate
> in this case.
>
> And we think that one of the reasons
> that that is appropriate is because the
> culpability of Hyundai in this case is very
> bad.

Hr'g Tr. 106:25-107:7, 110:15-23, July 10, 2015.

The Court finds that Hyundai was not negligent in deleting

the raw data in the ordinary course of business.  Hr'g Tr.

96:24-97:21, July 10, 2015.  However, the question presented is

whether the ordinary course of business should have been changed

in light of the litigation.  The Court concludes that – in the context of the instant case and the issues presented – it was not wrong to continue to delete the raw data.

Certainly, the Court does not find that Hyundai was "innocent" in the sense that it did everything right in meeting its discovery obligations.  Indeed, it appears that Hyundai was subjected to a substantial monetary sanction for discovery failures.  Moreover, it is possible that Hyundai should have objected to Plaintiffs' demand for the raw data at issue and obtained a judicial determination prior to making the unilateral decision not to impose a litigation hold after the suit was filed.  However, the Court does not agree with Plaintiffs that it is appropriate to punish Hyundai by admitting at trial evidence not shown materially relevant that would serve only to prejudice Hyundai and divert the jury from the issues that they must decide.

Accordingly, Plaintiffs may not introduce evidence of, or refer to, Hyundai's deletion of the raw data at issue.

III. CONCLUSION

For the foregoing reasons, upon consideration of Plaintiffs' Objections to The Magistrate's April 2, 2015 Order Pursuant to Rule 72 and Local Rule 301(5)(A) [ECF No. 543]:

1.   The Magistrate's April 2, 2015 Order shall not be
     reconsidered, modified or set aside.

2.   Plaintiffs request to present at trial evidence of
     Hyundai's deletion of the "raw data" at issue is
     DENIED.

     a.   Plaintiffs shall neither present evidence, nor
          refer to, Hyundai's deletion of the "raw data."


SO ORDERED, on <u>Tuesday, August 18, 2015</u>.



                          _____/s/_____
                          Marvin J. Garbis
                        United States District Judge