```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

PAICE LLC, et al.,                *

      Plaintiffs        *

      vs.               *   CIVIL ACTION NO. MJG-12-499

HYUNDAI MOTOR COMPANY, et al.,    *

      Defendants        *

*   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER RE: MOTIONS IN LIMINE

The Court has before it Plaintiffs' Motions In Limine [ECF No. 634], Defendants' Motions In Limine [ECF No. 636] and the materials submitted by the parties relating thereto.  The Court has held a hearing and has had the benefit of the arguments of counsel.

As set forth herein:

- Plaintiffs' Motions In Limine [ECF No. 634] are GRANTED IN PART.

- Defendants' Motions In Limine [ECF No. 636] are GRANTED IN PART.

- Certain Motions In Limine remain pending.

I.   <u>PLAINTIFFS' MOTIONS IN LIMINE</u>

   **1.   Preclude Hyundai from referring to Paice or Abell as a "troll," "NPE," "patent pirate," or similar pejorative.**

GRANTED.

Defendants shall, as will Plaintiffs, refer to Paice as a "technology company" that develops technology, seeks to obtain patents to license to other companies to use in manufacturing products, but that Paice does not itself manufacture or sell any products.

If Plaintiffs request, I will consider an instruction to the effect that there are some companies that abuse patent rights but that all concerned parties agree that Paice is not one of those.

Absent a ruling, on the record, in advance, Defendants shall not refer to the fact (if it is a fact) that Paice has not developed new technology after that included in the patents at issue.

   **2.   Preclude Hyundai from presenting any argument, evidence, or testimony disparaging the Patent Office or patent examiners.**

GRANTED IN PART.

Any argument, evidence, or testimony regarding the Patent Office or patent examiners shall refer to a precise quotation of

a statement made by Judge Fogel in the Federal Judicial Center video being shown to the jury.

    3.    **Exclude reference to any arrangements—contingent fee or otherwise—to pay attorneys' fees.**

GRANTED.

There shall be no such reference.

    4.    **Exclude any argument, evidence, or testimony concerning Defendants' own patents.**

DENIED.

However, in this regard, the Court will provide the jury with a stipulation or, if necessary, an instruction, to the effect that Hyundai is a company that has its own active research and development. It devotes considerable resources to this. Hyundai has received numerous patents for various aspects of all the automobiles that it produces.  However, the Court will make it clear that the fact that Hyundai may have a patent for one feature does not mean that it does not infringe patents on some other feature.

    5.    **Exclude any argument, evidence, or testimony concerning Plaintiffs' request for injunctive relief.**

GRANTED.

There shall be none of this.

> **6. Exclude any argument, evidence, or testimony concerning Plaintiffs' requests for enhanced damages and attorneys' fees.**

GRANTED.

There shall be none of this.

> **7. Exclude any argument, evidence, or testimony concerning any IPRs.**

DENIED.

However, there shall be no reference to any ruling by the PTAB, including its ruling regarding the institution or non-institution of certain cases.

Defendants contend that Paice has made statements to the PTAB that it properly may present to the jury in the instant case.  The Court shall determine, prior to trial, whether the statements identified by Defendants may be presented and, if so, the instruction that is needed regarding the matter.  The precise wording of the instruction shall be discussed with counsel.

The instruction would be to the effect that there is a proceeding pending before an administrative board in the Patent Office involving Paice and another company.  The proceeding involves certain patents, some of which are involved in the instant case.  This proceeding has nothing to do with the case before the jury.  However, if Paice has, in that proceeding,

4

made a statement that you find is different from what is being told to you here, you may consider it as part of your evaluation of the evidence.

   **8. Exclude any argument, evidence, or testimony concerning comments made by Judge Rader at the Paice-Toyota oral argument.**

   GRANTED.

   There shall be none of this.

   **9. Exclude any argument, evidence, or testimony concerning hearsay statements from any OEM denigrating Paice or characterizing the novelty of the Paice technology.**

   REMAINS PENDING.

   It appears that this must be considered in the context of a discussion, to be held in further proceedings, regarding damages.

   **10. Exclude any argument, evidence, or testimony that Toyota's hybrid technology is a non-infringing alternative or that any other third-party vehicle is a non-infringing alternative because Plaintiffs have not sued the third-party or asserted infringement allegations against it.**

   REMAINS PENDING.

   It appears that this matter is best addressed following the ruling on the admissibility of the Toyota settlement agreement.

**11.  Exclude any argument, evidence, or testimony inconsistent with the Court's claim constructions.**

GRANTED.

There shall be no argument, evidence, or testimony inconsistent with the Court's claim constructions.  However, the Court shall consider the parties' respective positions regarding any supplementary claim construction.

**12.  Exclude any argument, evidence, or testimony regarding portions of the Court's claim construction order other than the Court's claim constructions.**

GRANTED.

The jury shall be provided with the conclusory ruling portion, not the discussion, of Judge Quarle's claim constructions.  There shall be no reference to what was stated by him other than his conclusory statements.

The Court shall consider the parties' respective positions regarding any supplementary claim constructions.  If there is a supplemental claim construction, that construction shall be presented to the jury.

**13.  Exclude any argument, evidence, or testimony regarding evidence not produced during discovery.**

REMAINS PENDING.

The matter shall be discussed further.

**14.   Defendants must streamline their obviousness case and use only combinations explained in Dr. Ehsani's expert report.**

    A.   Defendants should be required to assert a reasonable number of obviousness combinations at trial.

    B.   Defendants should be precluded from relying on any combination not explained in Dr. Ehsani's expert report.

REMAINS PENDING.

The matter shall be discussed further.

**15.   Exclude any argument, evidence, or testimony concerning statements disparaging Plaintiffs and/or their representatives.**

GRANTED.

There shall be none of this. However, the Court does not foreclose Defendants from seeking an advance on-the-record ruling reversing this decision should Plaintiffs "open the door" during trial.

II.   <u>DEFENDANTS' MOTIONS IN LIMINE</u>

**1.   Defendants' Motion to Exclude Any Theories, Arguments, Or Evidence Inconsistent With The Court's Claim Construction.**

GRANTED.

There shall be no argument, evidence, or testimony inconsistent with the Court's claim constructions. However, the

7

Court shall consider the parties' respective positions regarding any supplementary claim construction.

2. **Defendants' Motion to Exclude Evidence or Argument Regarding Doctrine of Equivalents.**

REMAINS PENDING.

Plaintiffs' Doctrine of Equivalents contentions shall be addressed in further proceedings.

3. **Defendants' Motion to Preclude Plaintiffs From Using The Prius II Or The Toyota Agreement As Evidence of Secondary Considerations of Nonobviousness.**

REMAINS PENDING.

It appears that this matter is best addressed following the ruling on the admissibility of the Toyota agreement.

4. **Defendants' Motion to Exclude Reference to the "Hybrid Premium."**

REMAINS PENDING.

It appears that this must be considered in the context of a discussion, to be held in further proceedings regarding damages.

5. **Defendants' Motion to Exclude the Griffith Hack Report and Related Griffith Hack Documents**

GRANTED.

There shall be none of this.

6. **Defendants' Motion to Exclude the Ford Agreement.**

REMAINS PENDING.

It appears that this matter is best addressed following the ruling on the admissibility of the Toyota agreement.

7. **Defendants' Motion to Exclude Plaintiffs From Referring to Prior Litigations.**

REMAINS PENDING.

It appears that this must be considered in the context of a discussion, to be held in further proceedings, regarding damages.

8. **Defendants' Motion to Preclude Plaintiffs From Referring to Non-Accused Products Including Future Products Under Development.**

REMAINS PENDING.

It appears that this must be considered in the context of a discussion, to be held in further proceedings regarding damages.

9. **Defendants' Motion to Exclude Hyundai's Privilege Log.**

DENIED.

However, what is admissible is the relevant data set forth in the document, not the identity of the document as a privilege log.  Plaintiffs may place in evidence an exhibit that – by agreement or by the Court – shall set forth dates on which Defendants' pertinent employees discussed, or were aware of,

specified patents to establish knowledge of the patents in suit. The evidence shall not refer to consultations with attorneys regarding the patents.

**10.    Defendants' Motion to Preclude Plaintiffs From offering Evidence Or Argument Concerning 1) Hyundai Or Kia's total Revenues Or Profits From Accused Products Or Non-Accused Products, 2) Hyundai Or Kia's Overall Corporate Revenues, Profits, and Other Financial Metrics.**

GRANTED.

There shall be none of this.  However, the Court does not foreclose Plaintiffs from seeking an advance on-the-record ruling reversing this decision should Defendants "open the door" during trial.

**11.    Defendants' Motion to Preclude Plaintiffs From Introducing Any Evidence Relating to The Nature of The Abell Foundation's Charitable Purpose Or Charitable Activities.**

GRANTED.

There shall be none of this.

**12.    Defendants' Motion to Preclude Plaintiffs From Referring to The Foreign Background of Defendants, Defendants' Products, Or Witnesses.**

DENIED.

The foreign (Korean) background of persons and products is perfectly obvious, and necessarily will be mentioned in the

course of the trial.  Plaintiffs have made it perfectly clear that they will not seek to make the national origin of the Defendants, any witness, or any product pertinent to the issues presented in the instant case.

**13.   Defendants' Motion In Limine to Preclude Irrelevant and Unduly Prejudicial References to Prior Discovery Disputes.**

REMAINS PENDING.

It appears that this must be considered in the context of a discussion clarifying precisely what is at issue.

SO ORDERED, on <u>Monday, August 31, 2015</u>.

/s/
Marvin J. Garbis
United States District Judge
