IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

PAICE LLC and THE ABELL FOUNDATION, INC.,

    Plaintiffs,

v.

HYUNDAI MOTOR COMPANY,
HYUNDAI MOTOR AMERICA, KIA
MOTORS CORPORATION, and
KIA MOTORS AMERICA, INC.

    Defendants.

C.A. No. 12-cv-499-MJG

## SPECIAL VERDICT

### LITERAL INFRINGEMENT

**Question 1:** Have Paice and Abell proven by a preponderance of the evidence that the accused Hyundai and Kia vehicles literally infringe any of the asserted patent claims?

Please write a checkmark in the box corresponding to the answer that you select. Checking the box "Yes" is a finding in favor of Paice and Abell. Checking the box "No" is a finding in favor of Hyundai and Kia.

| Asserted Claim | Yes (for Paice and Abell) | No (for Hyundai and Kia) |
| --- | --- | --- |
| U.S. Patent No. 6,209,672, Claim 16* | ✓ | |
| U.S. Patent No. 6,209,672, Claim 18 | ✓ | |
| U.S. Patent No. 7,104,347, Claim 28 | ✓ | |
| U.S. Patent No. 7,237,634, Claim 16* | ✓ | |
| U.S. Patent No. 7,237,634, Claim 29 | ✓ | |
| U.S. Patent No. 7,237,634, Claim 80* | ✓ | |
| U.S. Patent No. 7,237,634, Claim 173 | ✓ | |
| U.S. Patent No. 7,559,388, Claim 1 | ✓ | |
| U.S. Patent No. 8,214,097, Claim 1 | ✓ | |

If you answer Yes to all, skip to Question 3. If you answer "No" to any of the * claims, proceed to Question 2 on the next page.

INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

> If you answered "No" to any * claims (U.S. Patent No. 6,209,672 (Claim 16), U.S. Patent No. 7,237,634 (Claim 16), or U.S. Patent No. 7,237,634 (Claim 80)), as to each such claim for which you answered "No," answer Question 2.

**Question 2:** Have Paice and Abell proven by a preponderance of the evidence that the accused functionality meets the specific limitations identified below under the doctrine of equivalents and literally meets the remaining elements of the claim?

Please write a checkmark in the box corresponding to the answer that you select. Checking the box "Yes" is a finding in favor of Paice and Abell. Checking the box "No" is a finding in favor of Hyundai and Kia.

| Asserted Claim | Limitation For Which Doctrine Of Equivalents Is Asserted | Yes (for Paice and Abell) | No (for Hyundai and Kia) |
|---|---|---|---|
| U.S. Patent No. 6,209,672 Claim 16 | "SP is a setpoint expressed as a predetermined percentage of MTO" | | |
| U.S. Patent No. 7,237,634 Claim 16 | "both the RL and the SP are expressed as percentages of the MTO of the engine when normally-aspirated" | | |
| U.S. Patent No. 7,237,634 Claim 80 | "the SP2 is a larger percentage of the MTO than the SP" | | |

If you answered Yes to any part of Question 1 or Question 2, proceed to Question 3 on the next page. Otherwise, skip Question 3, and proceed to Question 4.

## WILLFULNESS

> You should answer this question if you answered "Yes" to any part of Question 1 or Question 2.

**Question 3:** Have Paice and Abell proven by clear and convincing evidence that Hyundai and Kia's infringement was willful?

Please write a checkmark in the box corresponding to the answer that you select. Checking the box "Yes" is a finding in favor of Paice and Abell. Checking the box "No" is a finding in favor of Hyundai and Kia.

| Asserted Patent | Yes (for Paice and Abell) | No (for Hyundai and Kia) |
|---|---|---|
| U.S. Patent No. 6,209,672 | ✓ | |
| U.S. Patent No. 7,104,347 | ✓ | |
| U.S. Patent No. 7,237,634 | ✓ | |
| U.S. Patent No. 7,559,388 | ✓ | |
| U.S. Patent No. 8,214,097 | ✓ | |

## INVALIDITY – ANTICIPATION

**Question 4:** Have Hyundai and Kia proven by clear and convincing evidence that any of the following asserted claims are invalid as anticipated by U.S. Patent No. 4,335,429 (Kawakatsu)?

Checking the box "No" is a finding in favor of Paice and Abell. Checking the box "Yes" is a finding in favor of Hyundai and Kia.

| Asserted Claim | No (for Paice and Abell) | Yes (for Hyundai and Kia) |
|---|---|---|
| U.S. Patent No. 6,209,672, Claim 16 | ✓ | |
| U.S. Patent No. 7,104,347, Claim 28 | ✓ | |
| U.S. Patent No. 7,237,634, Claim 16 | ✓ | |

4

## INVALIDITY – OBVIOUSNESS

The ultimate conclusion that must be reached on the obviousness question is whether Defendants have proven by clear and convincing evidence that each asserted claim would have been obvious to a person of ordinary skill in the field at the time of the invention. In order to properly reach a conclusion the following preliminary questions must be answered:

### Level of Ordinary Skill in the Art

**Question 5a:** Have Defendants proven by clear and convincing evidence that the level of ordinary skill in the art that someone would have had at the time of the claimed inventions would be someone with at least a Master's degree or a Ph.D. in Electrical Engineering and five years of experience in hybrid vehicle propulsion systems?

Please write a checkmark next to the answer that you select.

| No<br>(for Paice and Abell) | Yes<br>(for Hyundai and Kia) |
|---|---|
| ✓ |  |

Scope and Content of the Prior Art

**Question 5b:** Have Defendants proven by clear and convincing evidence that the scope and content of the prior art included all of the following at the time of the claimed invention:
(1) "road load"; (2) determining "road load" as part of hybrid vehicle design;
(3) comparing "road load" against various thresholds based on engine efficiency to determine when to switch between various hybrid operating modes; (4) hybrid vehicle modes of operation; (5) operating the engine to maintain stoichiometry;
(6) limiting the rate of change of engine torque output; (7) using hysteresis in controlling engine operation; (8) series-parallel topology for hybrid vehicles

Please write a checkmark next to the answer that you select.

| No<br>(for Paice and Abell) | Yes<br>(for Hyundai and Kia) |
|---|---|
| ✓ | |

Differences Between the Claims and the Prior Art

**Question 5c:** With respect to the prior art that Defendants presented at trial for each of the asserted claims, have Defendants proven by clear and convincing evidence (1) that no difference existed between the claimed invention and the asserted prior art or, if any difference existed, that there would have been a predictable solution to persons of ordinary skill in the art for addressing any such difference at the time of the claimed invention and (2) that one of ordinary skill would have been motivated to combine one or more of these references?

Please write a checkmark next to the answer that you select.

| Claim | Prior Art Presented | No (for Paice and Abell) | Yes (for Hyundai and Kia) |
|---|---|---|---|
| U.S. Patent No. 6,209,672 Claim 16 | Kawakatsu (4,335,429) and Severinsky (5,343,970), alone or in combination | ✓ | |
| U.S. Patent No. 6,209,672, Claim 18 | Kawakatsu (4,335,429), Severinsky (5,343,970), and Buglione (5,845,731), alone or in combination | ✓ | |
| U.S. Patent No. 7,104,347, Claim 28 | Kawakatsu (4,335,429) and Severinsky (5,343,970), alone or in combination | ✓ | |
| U.S. Patent No. 7,237,634, Claim 16 | Kawakatsu (4,335,429) and Severinsky (5,343,970), alone or in combination | ✓ | |
| U.S. Patent No. 7,237,634, Claim 29 | Kawakatsu (4,335,429), Severinsky (5,343,970), and Frank (5,842,534), alone or in combination | ✓ | |
| U.S. Patent No. 7,237,634, Claim 80 | Kawakatsu (4,335,429), Severinsky (5,343,970), and Nakae (5,826,671), alone or in combination | ✓ | |
| U.S. Patent No. 7,237,634, Claim 173 | Kawakatsu (4,335,429), Severinsky (5,343,970), and Bharadwaj (6,605,912), alone or in combination | ✓ | |
| U.S. Patent No. 7,559,388, Claim 1 | Kawakatsu (4,335,429), Severinsky (5,343,970), and Frank (5,842,534), alone or in combination | ✓ | |
| U.S. Patent No. 8,214,097, Claim 1 | Kawakatsu (4,335,429), Severinsky (5,343,970), Frank (5,842,534), and Nakae (5,826,671), alone or in combination | ✓ | |

Objective Considerations Relating to Nonobviousness

**Question 5d:** Which of the following considerations relating to nonobviousness have been established by the evidence with respect to the claimed inventions?

Please write a checkmark in the box corresponding to the answer that you select.

As to considerations 1 – 5, checking the box "Established" is a finding in favor of Paice and Abell. Checking the box "Not Established" is a finding in favor of Hyundai and Kia.

| Consideration | Established (for Paice and Abell) | Not Established (for Hyundai and Kia) |
|---|---|---|
| 1. Long felt need for the solution that is provided by the claimed invention | ✓ | |
| 2. Unsuccessful attempts by others to find the solution that is provided by the claimed invention | | ✓ |
| 3. Copying of the claimed invention by others | ✓ | |
| 4. Unexpected and superior results from the claimed invention | ✓ | |
| 5. Acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention | ✓ | |

As to consideration 6, checking the box "Not Established" is a finding in favor of Paice and Abell. Checking the box " Established" is a finding in favor of Hyundai and Kia.

| Consideration | Not Established (for Paice and Abell) | Established (for Hyundai and Kia) |
|---|---|---|
| 6. Independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it | ✓ | |

8

DAMAGES

>You should answer this question if you have found that Paice and Abell have proven infringement ("Yes" to either Question 1 or Question 2) for at least one asserted claim and Hyundai and Kia have not proven invalidity ("No" to Question 4) with respect to that claim.

**Question 6:** What amount of damages have Paice and Abell proven by a preponderance of the evidence they are entitled to as compensation for Hyundai and Kia's past infringement?

$ _28,915,600_
28, 915, 600

The foregoing constitutes the unanimous verdict of the Jury.

Date: _10/1/2015_    **SIGNATURE REDACTED**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 OCT -7 AM 10:48
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY